FILED
U.S. DISTRICT COURT

2010 AUG 18  P 3: 56

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

D. Scott Crook (7495)
scott.crook@smithlawonline.com
Richard R. Arnold, Jr. (8040)
rick@smithlawonline.com
**SMITH|HARTVIGSEN, PLLC**
The Walker Center
175 South Main Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801)413-1600
Facsimile: (801)413-1620

*Attorneys for Defendants Warren Brandow III*
*And Warren "Butch" Brandow*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WARREN F. BRANDOW III, an individual; and WARREN "BUTCH" BRANDOW, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> LINKS FINANCIAL, a Utah limited liability company; SHAWN ANDERSON, an individual; JACOB DEAN, an individual. <br><br> Defendants. | COMPLAINT <br><br> Case: 2:10cv00817 <br> Assigned To : Benson, Dee <br> Assign. Date : 8/18/2010 <br> Description: Brandow v. Links Financial |

Plaintiffs Warren F. Brandow III and Warren "Butch" Brandow hereby allege and complain against the Defendants as follows:

**COMPLAINT - 1**

## PARTIES

1.      Plaintiff Warren F. Brandow III ("Warren Brandow") is a resident of Utah County, State of Utah.

2.      Plaintiff Warren "Butch" Brandow ("Butch Brandow") is a resident of Utah County, State of Utah.

3.      Defendant Links Financial is an expired Utah limited liability company located in Utah County, State of Utah.

4.      Defendant Jacob Dean is an individual residing in Utah County, State of Utah.

5.      Defendant Dean is the sole owner and registered agent of Links Financial.

6.      Defendant Shawn Anderson ("Anderson") is an individual residing in Utah County, State of Utah.

7.      Defendant Anderson at all times relevant herein represented himself as an owner/member of company.

## JURISDICTION AND VENUE

8.      Plaintiffs allege that Defendants have violated federal securities laws, including the Securities Act of 1933 and the Exchange Act of 1934, among other pendant state claims as described below.

9.      The Court has jurisdiction over this case pursuant to the federal claims under 28 U.S.C. § 1331 and exclusive jurisdiction over the Securities Exchange Act claims under 15 U.S.C. § 78aa.

COMPLAINT - 2

10.     The Court has pendent jurisdiction over the alleged state law claims under 28 U.S.C. § 1367(a).

11.     The amount in dispute in this case is more than $75,000.

12.     Venue for this case is proper in the Central Division of Utah because the transactions, acts, practices, and course of business alleged in this Complaint took place in this district.

## GENERAL ALLEGATIONS

13.     Plaintiffs are and were largely unsuspecting individuals who were duped, tricked, manipulated, and/or lied to by the Defendants in order to persuade Plaintiffs to loan or otherwise invest approximately $75,000 with Defendant Links Financial.

14.     At all times relevant herein, and in all pertinent conversations, Defendant Anderson represented to Plaintiffs that he was an employee or agent of Links Financial and/or a co-owner in the company with Defendant Dean.

15.     During early February of 2008, Defendant Anderson presented Warren Brandow with a possible investment opportunity with Links Financial.  In that conversation, Anderson represented that he and Defendant Dean were financial advisors, and that their company, Links Financial, was seeking to raise money for investing in a California "payday lending" business by the name of "4 Money and More."

16.     Defendant Anderson was very persuasive, and he repeatedly reassured Warren Brandow that the investment opportunity was sound, that they (Anderson and Dean) were indeed financial advisors, and that they (Anderson and Dean) had thoroughly investigated the investment opportunity that existed between Links Financial and 4 Money and More.

COMPLAINT - 3

17.     On or about, February 13, 2010, Warren Brandow loaned twenty-five thousand dollars ($25,000.00) to Links Financial, and Defendant Anderson signed a promissory note (the "Note") on behalf of Links Financial acknowledging the same.  See, Exhibit "A".

18.     Under the terms of the Note, Links Financial was obligated to pay Warren Brandow four percent "(4%) per month, every month for a period of 12 months for the above amount invested, payable on the Twenty First of each month starting March 21, 2008" (the "Interest Payments").

19.     Beginning on or about March 21, 2008, Links Financial made the Interest Payments to Warren Brandow for a period of four consecutive months, and thereafter the Interest Payments ceased.

20.     On or about August of 2008, defendant Anderson represented to Plaintiff Butch Brandow, that he (Anderson) and Defendant Dean worked as financial advisors, and that their company, Links Financial, was seeking to raise money for investing in a California "payday lending" business by the name of "4 Money and More."  Defendant Anderson's representations were substantially similar to those he had made to Warren Brandow some months earlier.

21.     On or about, August 1, 2010, Butch Brandow loaned fifty thousand dollars ($50,000.00) to Links Financial, and Defendant Anderson signed a promissory note (the "Note") on behalf of Links Financial acknowledging the same.  See, Exhibit "B".

22.     Under the terms of the Note, Links Financial was obligated to pay Butch Brandow four percent "(4%) per month, every month for a period of 12 months for the above amount invested, payable on the Twenty First of each month starting October 20, 2008" (the "Interest Payments").

**COMPLAINT - 4**

23.     On or about, October 20, 2008, Butch Brandow received a payment from Links Financial in the amount of $2,000, representing the first of the Interest Payments anticipated by the Note.  This was the first and only payment Butch Brandow received from Links Financial or any of the Defendants.

24.     The Defendants have defaulted on the Notes, and neither Plaintiff has received his promised Interest Payments or a return of the loaned principal in accordance with the terms thereof.

25.     Upon information and belief, Defendants fraudulently induced the Plaintiffs into loaning money to Links Financial by materially misrepresenting their status and qualifications as financial advisors, the level of their investigation and understanding of "4 Money and More," and their level of financial sophistication in promising that the Note was a secure vehicle for investing.

26.     These representations, and others, as made by the defendants were in fact false. The Defendants are not licensed financial advisors, they do not have investment experience, they did not sufficiently investigate or understand of "4 Money and More," including whether it was financially stable.  Defendants further lacked a level of financial sophistication sufficient to promise that the Notes were secure vehicles for investing.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT/PROMISSORY NOTE
## (AGAINST ALL DEFENDANTS)

27.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

COMPLAINT - 5

28.     On or about, February 13, 2008, Defendant Shawn Anderson signed a Note on behalf of Links Financial, and for the benefit of Warren Brandow, in the amount of twenty five thousand dollars $25,000, with interest bearing at four percent (4%) per month. See Exhibit "A".

29.     On the date of the Note, Links Financial was an expired Utah limited liability company, and owned solely by Defendant Jacob Dean.

30.     Defendants have failed to satisfy the terms of the Note and have defaulted and breached the same.

31.     As a direct and proximate cause of Defendants' breach, Warren Brandow has been damaged in an amount to be determined at trial, but under no circumstances shall said damages be less than twenty-five thousand dollars ($25,000), plus interest at the rate of 4% per month, attorney fees, and other remedies allowed by the Note or at law.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT/PROMISSORY NOTE**
**(AGAINST ALL DEFENDANTS)**

32.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

33.     On or about, August 1, 2009, Defendants signed a Note for the benefit of Butch Brandow in the amount of fifty thousand dollars ($50,000), with interest bearing at four percent (4%) per month. See Exhibit "B".

34.     On the date of the Note, Links Financial was an expired Utah limited liability company, and owned solely by Defendant Jacob Dean.

35.     Defendants have failed to satisfy the terms of the Note and have defaulted and breached the same.

**COMPLAINT - 6**

36.     As a direct and proximate cause of Defendants' breach, Butch Brandow has been damaged in an amount to be determined at trial, but under no circumstances shall said damages be less than fifty thousand dollars ($50,000), plus interest at the rate of 4% per month, attorney fees, and other remedies allowed by the Note or at law.

### THIRD CAUSE OF ACTION
### FRAUD
### (AGAINST DEFENDANTS ANDERSON AND DEAN)

37.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

38.     At all time relevant herein, Defendant Anderson represented to Plaintiffs that he was an agent, member, and/or owner of Links Financial and signed the promissory notes as an agent, member, and/or owner of Links Financial.

39.     At all time relevant times herein, Defendants made the following representations to the Plaintiffs:

        a.     Defendants Anderson and Dean represented in their solicitation materials, emails, and the contractual documents that Links Financial was a Utah limited liability company, in good standing, and organized as a financial planning and investment company with the State of Utah;

        b.     Defendant Anderson represented to Warren Brandow in February of 2008 that he and Defendant Dean were financial advisors;

        c.     Defendant Anderson represented to Warren Brandow in February 2008 that Links Financial was seeking to raise money for investing in a California "payday lending" business by the name of "4 Money and More";

COMPLAINT - 7

    d.      Defendant Anderson represented to Warren Brandow in February 2008 that the investment opportunity was sound and that he and Dean had thoroughly investigated the investment opportunity;

    e.      Defendant Anderson represented to Butch Brandow in August 2008 that he and Defendant Dean were financial advisors;

    f.      Defendant Anderson represented to Butch Brandow in August 2008 that Links Financial was seeking to raise money for investing in a California "payday lending" business by the name of "4 Money and More";

    g.      Defendant Anderson represented to Butch Brandow in August 2008 that the investment opportunity was sound and that Defendants had thoroughly investigated the investment opportunity;

40.    At all times during which Defendants Anderson and Dean were soliciting Plaintiffs to invest or loan money to Links Financial, the representations identified in the paragraphs above were not true.

41.    At all time relevant herein, Defendants Anderson and Dean knew or should have known that the representations were not true.

42.    Upon information and believe, Defendants Anderson and Dean fraudulently concealed this information from Plaintiffs, with the intent to deceive them into loaning money to Links Financial, and with the belief that Plaintiffs would not loan money if the information were disclosed.

43.    By failing to disclose this information, Defendants knowingly perpetuated a fraud upon Plaintiffs and Plaintiffs have been damaged by Anderson's fraud.

**COMPLAINT - 8**

44.     The   Defendants'   conduct,   as   described   herein,   was   an   intentional

misrepresentation, deceit, or concealment of known material facts, with the intention to deprive

Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that

subjected the plaintiffs to a cruel and unjust hardship in conscious disregard of the plaintiffs'

rights, so as to justify an award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**
**BREACH OF FIDICUICARY DUTY/CONVERSION**
**(AGAINST ALL DEFENDANTS)**

45.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding

paragraphs of this Complaint.

46.     At the time Defendant Anderson solicited loan funds from Plaintiffs, Anderson

had led Plaintiffs to believe that the loan monies would be used by Links Financial for the

purpose of investing in a "payday lending" type business called "4 Money and More" out of

California.

47.     Plaintiffs respective decisions to loan money to Links Financial were based solely

upon information provided to them by Defendant Anderson, who represented that he and

Defendant Dean, by and through Links Financial, were financial planners and advisors who had

performed sufficient due diligence on 4 Money and More to determine that it was financially

sound and would have the ability to repay any principal investment, with significant rates of

return.

48.     Upon information and belief, rather than deposit the loaned monies into financial

accounts owned and controlled by Links Financial, and use the loaned monies to invest in 4

Money and More, Defendants Anderson and Dean used the loaned monies for their own personal use; and as such, Defendants breached their fiduciary duty to Plaintiffs.

49.     Upon information and belief, rather than depositing the loaned monies into accounts owned or controlled by Links Financial, and by otherwise using the loaned monies for their own personal use, Defendants Anderson and Dean are personally liable for the conversion and personal use of the loaned monies.

## FIFTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
## (AGAINST ALL DEFENDANTS)

50.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

51.     To induce the Plaintiffs to loan money to Links Financial, Defendant Anderson intentionally and materially misrepresented the position, employment, and experience of the Defendants regarding financial matters; representing themselves and Links Financial as financial advisors and planners.

52.     Upon information and belief, neither Defendant Anderson not financial professionals; moreover, Links Financial is not a recognized or licensed financial planning company, and none of the Defendants were financial advisors or planners, as those terms are commonly understood in the business and investment community.

53.     Defendants Anderson and Dean had a duty to accurately inform Plaintiffs regarding their positions, employment, licensing, and financial investment experience, or in this case, their complete lack of any of these qualifications.

COMPLAINT - 10

54.     Defendants repeatedly and falsely assured the Plaintiffs that they (Defendants) were competent financial advisors and planners and they had the financial wherewithal to meet the terms and conditions of the Notes; upon information and belief, at all times relevant herein, the Defendants knew that these representations were false.

55.     Not only were defendants not financial advisors and planners, as those titles are generally understood, but upon information and belief, Defendants never had the ability to perform and had no intention to comply with the terms and conditions of the Notes from the outset.

56.     Upon information and belief, Defendants representations about their positions and abilities as financial advisors and planners were made with the intent to deceive and defraud the Plaintiffs into loaning money to Links Financial.

57.     Plaintiffs were unaware of Defendants' representations were false, and in reliance on the representations, Plaintiffs loaned the collective amount of seventy-five thousand dollars ($75,000) to Defendants.  Had Plaintiffs known the actual facts, they would not have taken such action.

58.     After relying on Defendants' misrepresentations, Plaintiffs have lost the principal amounts of their loans and nearly all of the interest they were promised in the Notes.

59.     The Defendants' conduct, as described herein, was an intentional misrepresentation, deceit, or concealment of known material facts, with the intention to deprive Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the plaintiffs to a cruel and unjust hardship in conscious disregard of the plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

COMPLAINT - 11

## SIXTH CAUSE OF ACTION
## QUANTUM MERUIT/UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

60.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

61.     Defendants have breached the Notes and failed to repay their obligations to Plaintiffs under the terms thereof.

62.     As the Defendants have breached the Notes, and failed to reply their obligations, they have been unjustly enriched.

63.     Upon information and belief, Defendants Anderson and Dean have converted the loan funds from Links Financial and used the same for their own personal use.

64.     Insomuch as Plaintiffs have relied upon the Notes to their own detriment, and Defendants have been unjustly enriched by their conversion and/or use of the loan proceeds, Plaintiffs are entitled to restitution from the Defendants.

## SEVENTH CAUSE OF ACTION
## FEDERAL SECURITIES ACT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

65.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

66.     Plaintiffs' investment and Notes with Defendants Anderson, Dean, and Links Financial constitute a security under the Securities Act of 1933, 15 U.S.C. § 77 et seq. (the "Securities Act") and the Securities Exchange Act of 1934, 15 U.S.C. § 78 et seq. (the "Exchange Act").

**COMPLAINT - 12**

67.     As described above, upon information and belief, in conjunction with Defendants'
solicitation of monies from Plaintiffs for the alleged purpose of investing it in the payday lending
company 4 Money and More, Defendants engaged in fraud, deceit, manipulation or contrivance.

68.     Defendants Anderson and Dean are "control persons" as defined by the Securities
and Exchange Acts, and they are thus jointly and severally liable for damages suffered by the
Plaintiffs, as alleged herein.

69.     Defendant Dean is the sole owner, officer, member, and/or manager of Defendant
Links Financial, and Defendant Anderson, at all times relevant herein, represented himself to
Plaintiffs as an owner and member of Links Financial.

70.     Upon information and belief, Defendants Anderson and Dean possessed the
power to control the direction of the management and policies of Links Financial.

71.     Upon information and belief, the Defendants were required to file a registration
statement, under Section 5 of the Securities Act, with the Securities and Exchange Commission
in connection with the Defendants' solicitation of monies from Plaintiffs for the alleged purpose
of investing it in the payday lending company 4 Money and More.

72.     Upon information and belief, the Defendants were not exempt from filing a
registration statement under the Securities Act, and Defendants violated the Act by being
unregistered when it/they solicited monies from Plaintiffs for the alleged purpose of investing in
4 Money and More.

73.     Upon information and belief, Defendants used the instrumentalities of
communication and interstate commerce, including but not limited to, telephone, email, and/or
internet communications, in conjunction with its initial and on-going solicitation and use of

COMPLAINT - 13

monies solicited from the Plaintiffs, in violation of Section 5 of the Securities Act; as such, Defendants are liable to Plaintiffs pursuant to Section 12(1) of the Act (15 U.S.C. § 771(1)).

74.    Plaintiffs have been damaged by Defendants' violations of the Securities Act in the amount of $75,000, plus accruing interest, penalties, and all other associated costs and expenses, including reasonable attorneys fees incurred in the prosecution of this case.

**EIGTH CAUSE OF ACTION**
**FEDERAL EXCHANGE ACT VIOLATIONS**
**(AGAINST ALL DEFENDANTS)**

75.    Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

76.    Plaintiffs investment and notes with Defendants Anderson, Dean, and Links Financial constitute a security under the Securities Act of 1933, 15 U.S.C. § 77 et seq. (the "Securities Act") and the Securities Exchange Act of 1934, 15 U.S.C. § 78 et seq. (the "Exchange Act").

77.    Upon information and belief, in conjunction with Defendants' solicitation of monies from Plaintiffs for the alleged purpose of investing it in the payday lending company 4 Money and More, Defendants engaged in fraud, deceit, manipulation or contrivance.

78.    During all times relevant herein, Defendant Anderson knowingly misrepresented to Plaintiffs that he and Defendant Dean were financial advisors, and that their company, Links Financial was seeking to raise money for investing in 4 Money and More.

79.    At all times relevant herein, Defendant Anderson knowingly misrepresented to Plaintiffs that the investment opportunity was financially sound, and that they (Anderson and

COMPLAINT - 14

Dean) were financial advisors who had thoroughly investigated the opportunity that existed between Links Financial and 4 Money and More.

80.　　At all times relevant herein, Defendants represented that Links Financial was a legally registered Utah limited liability company, a legitimate financial planning firm, and an investment or financial planning firm upon which the Plaintiffs could have complete confidence.

81.　　At all times herein, the Defendant Links Financial was a suspended or expired Utah company, and upon information and belief, at no time was Links Financial a legitimate, registered, or recognized investment firm upon which the Plaintiffs should have had any confidence.

82.　　At all times herein, the Defendants have been deceitful and manipulative about its/their ability to sustain the interest and returns promised to the Plaintiffs in conjunction with their investments and notes.

83.　　Upon information and belief, the monies obtained from Plaintiffs for the alleged purpose of investing in 4 Money and More were misappropriated and converted by Defendants Anderson and Dean for their own personal use, and that the true nature and use of the monies obtained from Plaintiffs have not been fully disclosed by the Defendants.

84.　　Upon information and belief, Defendants knew, or were otherwise reckless in not knowing, that the representations made to the Plaintiffs in conjunction with their investments and notes to/in Links Financial were false and made with the intent to deceive, manipulate, and defraud Plaintiffs of their money.

85.　　Plaintiffs reasonably relied upon the information provided by the Defendants as the sole basis for investing in Links Financial.

**COMPLAINT - 15**

86.     Defendants Anderson and Dean are "control persons" as defined in Section 20 of the Exchange Act, and are thereby jointly and severally liable for the damages suffered by Plaintiffs.

87.     Defendant Dean is the sole owner, officer, member, and/or manager of Defendant Links Financial, and Defendant Anderson, at all times relevant herein, represented himself to Plaintiffs as an owner and member of Links Financial.

88.     Upon information and belief, Defendants Anderson and Dean possessed the power to control the direction of the management and policies of Links Financial.

89.     Upon information and belief, including but not limited to the facts provided herein, Defendants Anderson and Dean knowingly, recklessly, directly, and indirectly violated Section 10b of the Exchange Act and Rule 10b-5 by (1) employing devices, schemes, and artifices to defraud Plaintiffs; (2) made untrue statements of material facts, or otherwise omitted to state material facts necessary to make their statements to Plaintiffs not misleading, and (3) engaged in acts, practices, and a course of business that operated as a fraud or deceit upon the Plaintiffs.

90.     Defendants are liable to Plaintiffs for violation of Section 10b and Rule 10b-5 in the amount of $75,000, plus accruing interest, penalties, and all other associated costs and expenses, including reasonable attorneys fees incurred in the prosecution of this case.

**COMPLAINT - 16**

**NINTH CAUSE OF ACTION**
**STATE SECURITIES ACT VIOLATION**
**UNREGISTERED BROKER-DEALER**
**(AGAINST ALL DEFENDANTS)**

91.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

92.     At all times relevant herein, Defendants held themselves out as financial planners who were engaged in the business of effecting a transaction between Links Financial and 4 Money and More for the benefit of Plaintiffs, by means of their investment Notes in Links Financial, and presumable also for the benefit of the Defendants themselves.

93.     Under Utah securities laws, a "broker-dealer" is any "person engaged in the business of effectuating transactions in securities for the account of others or for his own account...." Under this definition, at all times relevant herein, Defendants acted as broker-dealers.

94.     Defendants, as broker-dealers, were required to be licensed with the State of Utah. Utah law states that it is unlawful for any person transacting business in the state as a broker-dealer to do so without a license.

95.     Upon information and belief, at all times relevant herein, Defendants were not registered broker-dealers with the State of Utah, nor were they recognized or certified financial planners by any kind of organization authorized to do so.

96.     Defendants failure to obtain required licensing from the State of Utah, coupled with their on-going misrepresentations that they were financial advisors who had thoroughly

investigated the opportunity that existed between Links Financial and 4 Money and More, was intentionally recklessness and done in complete disregard for the best interests of the Plaintiffs.

97.     Defendants, as unlicensed broker-dealers, are liable to the Plaintiffs under Utah law and may be sued "at law or in equity" for the amount of the security "together with interest at 12% per year from the date of payment, costs, and reasonable attorney fees."

98.     Defendants, as unlicensed broker-dealers, and upon a showing that their actions were intentional and reckless, may be jointly and severally liable to the Plaintiffs for an "amount equal to three times the consideration paid for the security, together with interest, costs and attorneys fees...."

99.     Based upon the above, Defendants are liable to Plaintiffs in the amount of $75,000, plus 12% interest from the date of payment, costs, reasonable attorney fees, and/or three times the amount invested, or $225,000, plus interest, costs, and reasonable attorney fees.

## TENTH CAUSE OF ACTION
## STATE SECURITIES ACT VIOLATION
## MATERIAL MISREPRESENTATIONS
## (AGAINST ALL DEFENDANTS)

100.     Plaintiffs reallege and incorporate herein the allegations set forth in the proceeding paragraphs of this Complaint.

101.     At all times relevant herein, to induce Plaintiffs into investing their money with Links Financial, Defendants directly or indirectly made untrue statements of material facts, or otherwise omitted or failed to state material facts, and perpetuated a fraud and deceit upon the Plaintiffs.

**COMPLAINT - 18**

102.    At all times relevant herein, Defendants held themselves out as financial planners, with significant experience in investing, who persuaded and enticed the Plaintiffs to invest in Links Financial.

103.    Upon information and belief, Defendants were not at the time, nor have they ever been, financial planners registered with the State of Utah, or otherwise certified or recognized by any kind of financial planning agency, board, or organization.  Defendants are not registered or certified by the State of Utah as broker-dealers.

104.    Under Utah law, it is unlawful for any person, in connection with the sale or purchase of a security, to employ any scheme or artifice to defraud another, including making untrue statements of material fact or failing to make statements of material fact; and it is unlawful for any person to engage in any business operation which operates as a fraud or deceit.

105.    Under Utah law, Defendants are liable to Plaintiffs for civil damages in the amount of $75,000, plus interest at 12%, costs, and reasonable attorney fees.   Defendants may also be liable to Plaintiffs in the amount of three times the amount of Plaintiffs' investment or $225,000, plus interests, costs, and reasonable attorney fees for Defendants' reckless and intentional actions.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, Plaintiffs request judgment against the Defendants:

1.    On the First Cause of Action, for judgment against the Defendants, jointly and severally, for breach of contract in an amount to be proven at trial but in any event not less than the sum of

**COMPLAINT - 19**

$25,000, plus interest, costs, and reasonable attorney fees.

2.      On the Second Cause of Action, for judgment against the Defendants, jointly and severally, for breach of contract in an amount to be proven at trial but in any event not less than the sum of $50,000, plus interest, costs, and reasonable attorney fees.

3.      On the Third Cause of Action, for judgment against the Defendants, jointly and severally, for fraud in an amount to be proven at trial but in any event not less than the sum of $75,000, plus punitive damages, interest, costs, and reasonable attorney fees.

4.      On the Fourth Cause of Action, for judgment against the Defendants, jointly and severally, for breach of fiduciary duty and conversion in an amount to be proven at trial but in any event not less than the sum of $75,000, plus interest, costs, and reasonable attorney fees.

5.      On the Fifth Cause of Action, for judgment against the Defendants, jointly and severally, for intentional misrepresentation in an amount to be proven at trial but in any event not less than the sum of $75,000, plus punitive damages, interest, costs, and reasonable attorney fees.

6.      On the Sixth Cause of Action, for judgment against the Defendants, jointly and severally, for quantum meruit and unjust enrichment in an amount to be proven at trial but in any event not less than the sum of $75,000, plus interest, costs, and reasonable attorney fees.

7.      On the Seventh Cause of Action, for judgment against the Defendants, jointly and severally, for federal security act violations in an amount to be proven at trial but in any event not less than the sum of $75,000, plus punitive damages, interest, costs, and reasonable attorney fees.

**COMPLAINT - 20**

8.      On the Eighth Cause of Action, for judgment against the Defendants, jointly and severally, for federal exchange act violations in an amount to be proven at trial but in any event not less than the sum of $75,000, plus punitive damages, interest, costs, and reasonable attorney fees.

9.      On the Ninth Cause of Action, for judgment against the Defendants, jointly and severally, for state securities act violations in an amount to be proven at trial but in any event not less than (a) the sum of $75,000, plus 12% interest, costs, and reasonable attorney fees, and/or treble damages not less than $225,000, plus interest, costs, and reasonable attorney fees.

10.     On the Tenth Cause of Action, for judgment against the Defendants, jointly and severally, for state securities act violations in an amount to be proven at trial but in any event not less than (a) the sum of $75,000, plus 12% interest, costs, and reasonable attorney fees, and/or treble damages not less than $225,000, plus interest, costs, and reasonable attorney fees.

DATED this 18th day of August, 2010.

SMITH/HARTVIGSEN, PLLC

D. Scott Crook
Richard R. Arnold, Jr.
Attorneys for Plaintiffs

**COMPLAINT - 21**